

The New York Times Company

Case: 1:25−mc−00174
Assigned To : Boasberg, James E.
Assign. Date : 11/26/2025
Description: Misc.

Charlie Savage

T 202 369 6653

savage@nytimes.com

1627 I Street NW, Suite 700
Washington, DC 20006
nytimes.com

November 26, 2025

Hon. Chief U.S. District Court Judge James E. Boasberg
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue NW
Washington, DC 20001

Dear Chief Judge Boasberg,

This is a petition that the Federal District Court unseal additional materials from litigation before it that was ancillary to the grand jury investigations that led to the indictment of President Donald J. Trump regarding his efforts to overturn his loss of the 2020 election. As before, I am representing myself *pro se* and request that the court please treat this as a motion to intervene and a motion to unseal the matters discussed below.

Specifically, I request that the court please unseal all applications and motions, opinions and orders, along with related dockets, hearing transcripts, briefs, and other pleadings, regarding subpoenas for phone-related records and nondisclosure orders for government officials, including any members of Congress, congressional staff and executive branch officials. The public and the press have a First Amendment and common law right of access to judicial records, and disclosure of these in this historic matter would be appropriate under Federal Rule of Criminal Procedure 6(e).

As you know, in two previous rounds, I have asked the court to unseal ancillary materials related to the grand jury investigations that led to the election and classified documents indictments; the first round sought material pertaining to assertions of executive privilege and the second to attorney-client privilege. Following the D.C. Circuit's holding that courts may unseal records containing matters occurring before a grand jury if the matters have already been disclosed, you have asked the Justice Department to curate sets of files that meet those standards and caused them to be posted on the public docket.

There have also been several disclosures by the government that the Justice Department in the election investigation used the grand jury



RECEIVED
NOV 26 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

process to obtain toll records from third-party telecommunications providers accompanied by judicial nondisclosure orders. I am now seeking the unsealing of records related to that portion of the inquiry where the records sought were about lawmakers and other government officials.

First, the government disclosed that investigators had obtained call records on page 119 of Trump's indictment and in footnote 132 of special counsel Jack Smith's report on the election case, as a recent public letter to Senator Charles Grassley of Iowa from lawyers representing the former special counsel, Jack Smith, noted.[1]

Second, since the change in administrations, the F.B.I.'s new leadership has been making a series of disclosures to the staff of Senator Grassley, who posts the information on his website.[2] These materials have also revealed the existence of the relevant category of judicial activity.

On October 6, Senator Grassley's staff posted an F.B.I. document from the election investigation it said it had "obtained" listing the names of nine members of Congress whose tolling records on the days surrounding the Capitol riot were analyzed.[3] While the release was coy about the source of that file, on October 10, Senator Grassley released a letter he and other lawmakers had sent to the Justice Department a day earlier seeking more information about the acquisition of the tolling records. It revealed that on October 6, Dan Bongino, the deputy director of the F.B.I., had delivered a briefing about the matter. An introduction to the press release

---

[1] Letter to Senator Charles Grassley from Lanny A. Breuer and Peter Koski, Oct. 21, 2025, https://assets.bwbx.io/documents/users/iqjWHBFdfxIU/rEkNKjy1lIkc/v0

[2] See, e.g., Press release, "Newly Declassified DOJ Watchdog Report Shows FBI Cut Corners in Clinton Email Investigation," July 21, 2025, https://www.judiciary.senate.gov/press/rep/releases/newly-declassified-doj-watchdog-report-shows-fbi-cut-corners-in-clinton-email-investigation; Press release, "Newly Declassified Appendix to Durham Report Sheds Additional Light on Clinton Campaign Plan to Falsely Tie Trump to Russia and FBI's Failure to Investigate," July 31, 2025, https://www.judiciary.senate.gov/press/rep/releases/newly-declassified-appendix-to-durham-report-sheds-additional-light-on-clinton-campaign-plan-to-falsely-tie-trump-to-russia-and-fbis-failure-to-investigate.

[3] Press release, Office of Senator Charles Grassley, "Biden FBI Spied on Eight Republican Senators as Part of Arctic Frost Investigation, Grassley Oversight Reveals," Oct 6, 2025, https://www.judiciary.senate.gov/press/rep/releases/biden-fbi-spied-on-eight-republican-senators-as-part-of-arctic-frost-investigation-grassley-oversight-reveals

accompanying the letter also said the F.B.I. had "secretly subpoenaed" the records; this shows Mr. Bongino had also disclosed that the subpoenas had been accompanied by judicial nondisclosure orders. [4]

The October 9 letter also requested "A copy of the subpoenas that were served to cell phone carrier companies" and further stated, "To the extent that any of the aforementioned records are subject to Federal Rule of Criminal Procedure 6(e) grand jury secrecy requirements, we request that the Department of Justice immediately seek judicial authorization to release the requested records. Given that these materials relate to an unprecedented collection of records and information on sitting MOCs and raise serious constitutional concerns, Congress' need for these records clearly outweighs any interest in secrecy."

On October 29, Senator Grassley's staff posted a 1,730-page PDF file containing what was by its count a set of 197 grand jury subpoenas from the election investigation that had been sent to 34 individuals and 163 businesses, seeking testimony communications records and financial data related to 430 individuals and entities.[5] The tranche included letters to various third-party companies like Apple, Atlassian, GoDaddy, Google, Iterable, and Salesforce, to comply with requests for records without disclosing the existence of the subpoenas to their customers due to judicial orders. It also included the texts of at least three signed nondisclosure orders still marked as sealed.[6] The accompanying press release said this information had been provided "through legally protected whistleblower disclosures."

---

[4] Press release, Office of Senator Charles Grassley, "Grassley and Johnson Lead Colleagues in Seeking Release of All DOJ, FBI Records Detailing Biden Administration's Targeting of Sitting Members of Congress," Oct. 10, 2025, https://www.judiciary.senate.gov/press/rep/releases/grassley-and-johnson-lead-colleagues-in-seeking-release-of-all-doj-fbi-records-detailing-biden-administrations-targeting-of-sitting-members-of-congress

[5] Press release, Office of Senator Charles Grassley, "NEW: Jack Smith Subpoenaed Records for Over 400 Republican Targets As Part of Arctic Frost," Oct. 29, 2025, https://www.grassley.senate.gov/news/news-releases/new-jack-smith-subpoenaed-records-for-over-400-republican-targets-as-part-of-arctic-frost

[6] See, e.g., 23-sc-494 (Feb. 28, 2023); 23-sc-690 (March 20, 2023), PDF p 1425; 23-sc-877 (April 13, 2023), PDF p 1634;
https://www.grassley.senate.gov/imo/media/doc/arctic_frost_197_subpoena_records_obtained_by_chairman_grassley.pdf

On November 12, Senator Grassley's staff disclosed in another press release that it had received records from the National Archives and Records Administration's office of inspector general, adding to the known number of lawmakers whose phone records were subpoenaed. The press release included links to letters to phone companies seeking additional information in which some of the newly obtained records listing grand jury subpoena numbers were embedded.[7]

These public disclosures mean that the existence of ex parte litigation before the district court seeking nondisclosure orders is no longer secret or protected by Rule 6(e). In light of the public and the press's First Amendment and common law right to access court records and the significant public interest in this historical matter, unsealing these records would be both lawful and appropriate.

Thank you for your consideration of this petition.

*Charlie Savage*

Charlie Savage

The New York Times

---

[7] Press release, "Grassley, Johnson Press for Full Disclosure of Jack Smith Subpoenas," Nov. 12, 2025, https://www.grassley.senate.gov/news/news-releases/grassley-johnson-press-for-full-disclosure-of-jack-smith-subpoenas