IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY INVESTIGATIONS | Case No. 1:25-mc-174-JEB (D.D.C.) |

**RESPONSE OF THE UNITED STATES TO APPLICATION FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO GRAND JURY INVESTIGATION**

Petitioner seeks access to judicial records involving subpoenas that a grand jury allegedly issued for phone-related records of government officials and any efforts to obtain nondisclosure orders for any such subpoenas. To the extent such records exist, they would be protected as secret by Federal Rule of Criminal Procedure 6(e), which prohibits disclosure of records of matters occurring before a grand jury.

In arguing that Rule 6(e) secrecy no longer applies, Petitioner asserts that various purported disclosures have rendered the materials no longer secret. These include government discussions of telephone records that do not reveal how the government obtained the information, and press releases by a Senator based on unspecified or anonymous sources. None of these sources provides "the type of confirmation by government attorneys, grand jury witnesses, or a privilege holder that the Circuit has found sufficient to make secrecy no longer necessary." *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former President Trump's Commc'ns with his Att'ys*, 687 F. Supp. 3d 132, 137 (D.D.C. 2023). The Court should therefore deny the Application.

## BACKGROUND

**I.    Grand Jury Investigation Regarding President Trump**

As relevant here, a grand jury in this District conducted an investigation concerning the aftermath of the 2020 presidential election. That grand jury later returned an indictment against President Trump. *See* Indictment, *United States v. Trump*, 1:23-cr-257 (D.D.C. Aug. 1, 2023),

1

ECF No. 1; *see also* Superseding Indictment, *United States v. Trump* (Aug. 27, 2024), ECF No. 226. The district court ultimately granted the government's requests to dismiss the Indictment and Superseding Indictment in the election case. *See* Order, *United States v. Trump* (Nov. 25, 2024), ECF No. 283; Order, *United States v. Trump* (Dec. 6, 2024), ECF No. 285.

## II.     This Application

On November 26, 2025, Petitioner, a journalist with the New York Times, filed the Application, which was docketed as a miscellaneous case before this Court. *See* Application, ECF No. 1 ("Application" or "Appl."). The Application "request[s] that the court please unseal all applications and motions, opinions and orders, along with related dockets, hearing transcripts, briefs, and other pleadings, regarding subpoenas for phone-related records and nondisclosure orders for government officials, including any members of Congress, congressional staff and executive branch officials," that are "ancillary to the grand jury investigations that led to the indictment of President Donald J. Trump regarding" the 2020 election. *Id.* Petitioner cites a variety of sources that he contends demonstrates that these "matters have already been disclosed." *Id.* Those sources include a paragraph of the indictment, a footnote in Special Counsel Jack Smith's report on the case, and a series of press releases issued by Senator Charles Grassley, which mainly provide information that Sen. Grassley purportedly obtained from a whistleblower. *See id.* at 2-4. None of these sources supplies a waiver of grand jury secrecy.

## ARGUMENT

## I.     Legal Principles Regarding Grand Jury Secrecy

The federal grand jury occupies a unique and important position in our criminal justice system. "It serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983) (quoting *Branzburg v. Hayes*,

408 U.S. 665, 686–87 (1972)). Accordingly, it "serv[es] as a kind of buffer or referee between the Government and the people." *United States v. Williams*, 504 U.S. 36, 47 (1992). To fulfill this important role, the grand jury has "always" been afforded "extraordinary powers of investigation" and "great responsibility for directing its own efforts." *Sells Eng'g*, 463 U.S. at 423. The Supreme Court "consistently [has] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979). Both "grand jury proceedings and related matters operate under a strong presumption of secrecy." *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000). This rule of secrecy is "so well established" that the D.C. Circuit has noted "a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm." *In re Grand Jury Subpoena, Judith Miller* ("*Miller I*"), 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting *In re Sealed Case*, 199 F.3d at 526).

Federal Rule of Criminal Procedure 6(e) implements the traditional rule of grand jury secrecy. It prohibits virtually every person privy to grand jury proceedings — other than witnesses or their counsel — from "disclos[ing] a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). Covered individuals include grand jurors, interpreters, court reporters, and attorneys for the government. *See id.* Rule 6(e) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." *Id.* at 6(e)(6). Matters occurring before the grand jury include "not only what has occurred and what is occurring, but also what is likely to occur" in the grand jury's investigation. *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998). The Rule covers all "information that would 'tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors,

3

the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors.'" *Bartko v. U.S. Dep't of Just.*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013)). Rule 6(e) also covers "the fact that [a witness] was subpoenaed to testify" and "the fact that he invoked [a] privilege in response to questions." *Dow Jones*, 142 F.3d at 501. Rule 6(e) contains certain exceptions to the rule of grand jury secrecy, but that "list of exceptions is exhaustive." *McKeever v. Barr*, 920 F.3d 842, 845 (D.C. Cir. 2019). Grand jury secrecy does not expire upon the conclusion of an investigation or a criminal case. *See id.* at 843-44 (holding that records from a grand jury investigation during the 1950s remained protected by Rule 6(e)).

Despite the general rule of grand jury secrecy, under certain circumstances, "when once-secret grand jury material becomes 'sufficiently widely known,' it may 'los[e] its character as Rule 6(e) material.'" *In re Grand Jury Subpoena, Judith Miller* ("*Miller II*"), 493 F.3d 152, 154 (D.C. Cir. 2007) (alteration in original) (quoting *In re North*, 16 F.3d at 1245). One way that "grand jury matters may lose their protection" is "if prosecutors publicly disclose them." *In re Application of Politico*, No. 23-5071, 2024 WL 1739096, at *3 (D.C. Cir. Apr. 23, 2024) (citing *North*, 16 F.3d at 1245). Public disclosure of grand jury matters "by a witness before the grand jury, or a witness's attorney" can also lift grand jury secrecy. *Id.*

By contrast, other non-authoritative disclosures, such as press reports based on anonymous sources, do not undermine grand jury secrecy. *See id.* at *3 ("Anonymous leaks, however, do not strip Rule 6(e) protection from grand jury matters."); *see also Dow Jones*, 142 F.3d at 505 (matters occurring before grand jury did not lose Rule 6(e) protection "because of press reports relying on unnamed sources"). Such disclosures do not provide "the type of confirmation by government attorneys, grand jury witnesses, or a privilege holder that the Circuit has found sufficient to make

4

secrecy no longer necessary." *In re Press Application*, 687 F. Supp. 3d at 137 (quotation and citation omitted). Indeed, "when the media reports information alleged to be grand jury material, 'the government is obligated to stand silent' and not confirm the information, whether it is accurate or not." *In re North*, 16 F.3d at 1245 (D.C. Cir. 1994) (quoting *Barry*, 740 F. Supp. at 891).

Even when a disclosure has lifted grand jury secrecy over the disclosed information, that does not eliminate Rule 6(e)'s protection for all matters occurring before the grand jury. Rather, "materials" that "concern still-secret grand jury matters . . . must remain sealed." *Miller II*, 493 F.3d at 154. Documents containing grand jury matters can be revealed "only to the extent that they have been previously revealed," but "[g]rand jury material not yet publicly disclosed" must "remain redacted." *Id.* at 155. Therefore, courts regularly order limited unsealing concerning grand jury matters already made public, while holding that documents must remain secret insofar as they discuss grand jury matters not publicly disclosed. *See*, *e.g.*, *id.* at 154-55; *Pence*, 678 F. Supp. 3d at 143 (describing the scope of "appropriate redactions" to materials concerning a grand jury privilege dispute, so that discussion of matters occurring before the grand jury is redacted "to the extent that [the grand jury witness's] disclosures do not already reveal them").

**II.     Petitioner Has Not Identified any Authoritative Disclosures that Would Lift Secrecy of any Records Covered by His Application**

The materials requested by Petitioner, if they exist, would be records of matters occurring before the grand jury that are protected as secret by Rule 6(e). For example, he seeks records "regarding subpoenas for phone-related records" issued by the grand jury. Appl. 1. But Rule 6(e) also covers "the fact that [a witness] was subpoenaed to testify." *Dow Jones*, 142 F.3d at 501. In addition, any efforts by the government to obtain nondisclosure orders regarding any such grand jury subpoenas would be covered by Rule 6(e), both because they would disclose the existence of a secret grand jury subpoena, and because the effort to obtain such nondisclosure orders would be

5

a "secret aspect of the grand jury's investigation, including . . . the strategy or direction of the investigation." *Bartko*, 898 F.3d at 73.  For that reason, judicial proceedings relating to a grand jury subpoena are protected by Rule 6(e).  *See In re Press Application for Access to Judicial Records & Proceedings Ancillary to Certain Grand Jury Proceedings*, No. 1:22-cv-128, 2023 WL 11158249, at *1-3 (D.D.C. Mar. 11, 2023) (holding that judicial records of a purported effort to hold a grand jury subpoena recipient in contempt were protected by Rule 6(e)).

Because the materials Petitioner seeks are protected by Rule 6(e), Petitioner must show that there have been authoritative disclosures sufficient to lift grand jury secrecy.  He fails to do so.  Therefore, the Court should deny the Application.

Petitioner first cites a paragraph of the indictment, which alleges that President Trump and another individual placed calls to members of Congress at specific times.  *See* Indictment ¶ 119, *United States v. Trump*, ECF No. 1.  But that paragraph does not disclose how the government obtained that information, and it makes no mention of any grand jury subpoena.  Similarly, Petitioner cites a footnote in Smith's report that cites "Toll Records."  Final Report on the Special Counsel's Investigations and Prosecutions, Volume One: The Election Case 31 n.132 (Jan. 7, 2025), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf.  Again, this does not disclose how the government obtained the cited records.  Criminal investigators have other tools to obtain information besides grand jury subpoenas, such as a search warrant approved by a magistrate judge.  Therefore, a mere disclosure that prosecutors have obtained information does not disclose any matter occurring before the grand jury.

Petitioner next cites a series of press releases from Sen. Grassley.  For some releases, Sen. Grassley does not attribute a source to the information.  *See* Appl. 2 (acknowledging that one of Sen. Grassley's releases "was coy about the source of" information).  Much like "press reports

6

relying on unnamed sources" do not lift grand jury secrecy, *Dow Jones*, 142 F.3d at 505, Sen. Grassley's press release relying on unnamed sources does not do so either. Other press releases purport to discuss information obtained from an anonymous "whistleblower." *See* Appl. 3; *see*, *e.g.*, Sen. Chuck Grassley, NEW: Jack Smith Subpoenaed Records for Over 400 Republican Targets As Part of Arctic Frost (Oct. 29, 2025), https://www.grassley.senate.gov/news/news-releases/new-jack-smith-subpoenaed-records-for-over-400-republican-targets-as-part-of-arctic-frost (citing "legally protected whistleblower disclosures"). But information purportedly obtained from an anonymous whistleblower is hardly "the type of confirmation by government attorneys, grand jury witnesses, or a privilege holder that the Circuit has found sufficient to make secrecy no longer necessary." *In re Press Application*, 687 F. Supp. 3d at 137.

On two occasions, Sen. Grassley released or discussed information received from the Department of Justice, but in neither case did Sen. Grassley's release suffice to lift secrecy over the purported materials sought by Petitioner. First, one press release from the Senate Judiciary Committee (which is chaired by Sen. Grassley) mentioned that the Senators received "a briefing" from then-FBI Deputy Director Dan Bongino. *See* U.S. Senate Committee on the Judiciary, Grassley and Johnson Lead Colleagues in Seeking Release of All DOJ, FBI Records Detailing Biden Administration's Targeting of Sitting Members of Congress (Oct. 10, 2025), https://www.judiciary.senate.gov/press/rep/releases/grassley-and-johnson-lead-colleagues-in-seeking-release-of-all-doj-fbi-records-detailing-biden-administrations-targeting-of-sitting-members-of-congress. The press release relates that Bongino disclosed that "the FBI obtained call logs," and that when the Senators "asked Deputy Director Bongino for more information," Bongino did not provide more information, citing Rule 6(e). Thus, based on the Senators'

accounts, Bongino did not reveal how the FBI obtained call logs and did not disclose any information protected by Rule 6(e).

Second, the Department of Justice sent a set of internal emails to Sen. Grassley, which Sen. Grassley then released publicly. *See* https://www.grassley.senate.gov/imo/media/doc/doj_to_grassley_johnson_-_pin_consultation.pdf. These emails do not refer specifically to a grand jury or any actions taken by a grand jury. Therefore, the Department's disclosure of these emails to Sen. Grassley, and Sen. Grassley's public release of them, does not lift secrecy over any matter occurring before the grand jury.[1]

## CONCLUSION

Petitioner seeks records that, to the extent they exist, would be secret under Rule 6(e). He has not identified any authoritative disclosures sufficient to lift that secrecy. Therefore, the Court should deny the Application.

---

[1] After Petitioner submitted his Application, Smith testified twice to the House Judiciary Committee, first in a private session (of which a transcript was later made public), and later in a public session. Before Smith testified, "the Justice Department admonished Mr. Smith that he is not authorized to divulge information that is prohibited by law or courts, including that which is subject to Federal Rule of Criminal Procedure 6(e)." Committee on the Judiciary, U.S. House of Representatives, Deposition of: Jack Smith 12:25-13:3 (Dec. 17, 2025) (statement of Peter Koski, counsel to Jack Smith). Accordingly, the Court need not scrutinize Smith's testimony to determine whether he disclosed any information subject to Rule 6(e) that is covered by the Application. If he did, such disclosure would have violated the Department's instructions and would not have been the kind of official disclosure sufficient to lift grand jury secrecy.

| | |
|---|---|
| Dated: March 9, 2026 | Respectfully Submitted,<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Director<br>Civil Division, Federal Programs Branch<br><br>*/s/ Jeremy S.B. Newman*<br>JEREMY S.B. NEWMAN<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 532-3114<br>Fax: (202) 616-8470<br>Email: jeremy.s.newman@usdoj.gov<br><br>*Attorneys for the United States* |