# Exhibit A

**U.S. Department of Justice**

Office of Legislative Affairs

*Office of the Assistant Attorney General* *Washington, DC 20530*

Lanny A. Breuer, Esq.
Peter Koski, Esq.
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001-4956

Dear Messrs. Breuer and Koski:

I write on behalf of the Department of Justice (Department) in response to your letters of November 20, 2025, and December 5, 2025. As noted in the Department's letter sent to you on November 12, 2025, to the greatest extent allowable by law, the Department authorizes Mr. Smith to provide unrestricted testimony to the Committee. However, it is important to again reiterate that Mr. Smith is not authorized to divulge information that is prohibited by law or court, including that which is subject to Federal Rule of Criminal Procedure 6(e). Discussion of Volume II of the Special Counsel's report, *and any information or conclusions in the Volume II or in drafts thereof*, is specifically prohibited by Judge Cannon's January 21, 2025 Order in *United States v. Nauta and De Oliveira.*

Regarding your separate questions about the application of Rule 6(e), we offer the following analysis intended to facilitate a productive conversation between Mr. Smith and the Committee. Rule 6(e) prohibits Justice Department attorneys, among other persons involved in the grand jury process, Fed. R. Crim. P. 6(e)(2)(B), from "disclosing [its] proceedings." Fed. R. Crim. P. 6(e). You have asked the Department to provide more information about what it believes constitutes a "matter occurring before the grand jury." Simply put, "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." *Senate of Puerto Rico v. U.S. Dep't of Just.*, 823 F.2d 574, 582 (D.C. Cir. 1987). Generally, whether disclosure of information violates Rule 6(e) depends on the effect of the information's disclosure on the secrecy of the grand jury process. *See Washington Post Co. v. U.S. Dep't of Just.*, 863 F.2d 96, 100 (D.C. Cir. 1988) (records subpoenaed by and presented to a grand jury are subject to Rule 6(e) if they "reveal the inner workings" of the grand jury); *Blalock v. United States*, 844 F.2d 1546, 1551 (11th Cir. 1988) ("Rule 6(e)(2) only protects information revealing what has occurred, or will occur, inside the grand jury room.").

Certain materials, such as transcripts of grand jury proceedings, the names of the jurors, or the names of witnesses testifying before the grand jury, contain the "essence of what takes place in the grand jury room." *In re Grand Jury Proc. Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988). Disclosure of that information, of course, would reveal the inner workings of the

grand jury. The D.C. Circuit has also held that the "the substance of testimony, the strategy or direction of the [grand jury's] investigation, the deliberations or questions of jurors, and the like," too, comes under Rule 6(e)'s protection. *SEC v. Dresser*, 628 F.2d 1368, 1382 (D.C. Cir. 1980); *see also Jud. Watch, Inc. v. Nat'l Archives & Recs. Admin.*, 876 F.3d 346, 349 (D.C. Cir. 2017) (draft indictments). As a result, Rule 6(e) typically prohibits these categories of information from disclosure.

As to records presented to a grand jury, they are not automatically protected by Rule 6(e). Rather, such records are protected only when they would "reveal the inner workings" of the grand jury. *Washington Post*, 863 F.2d at 100 (noting that the corporate records existed prior to the grand jury and had a purpose independent of the grand jury). The D.C. Circuit has emphasized that "the document itself must reveal the inner workings; the government cannot immunize a document by publicizing the link." *Id.*; *see also In re Grand Jury Proc. Relative to Perl*, 838 F.2d at 306 ("Unless a document reveals something about the intricate workings of the grand jury itself, the documents are not intrinsically secret just because they were examined by a grand jury.").

In most circuits, that general rule applies even to records the grand jury obtained by subpoena. *See Washington Post*, 863 F.2d at 100; *Labow v. United States Dep't of Just.*, 831 F.3d 523, 530 (D.C. Cir. 2016) ("The mere fact the documents were subpoenaed fails to justify withholding under Rule 6(e)."); *In the Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1089–90 (7th Cir. 1982) (holding that subpoenaed records are subject to disclosure unless they would "reveal the inner workings of the grand jury"); *Anaya v. United States*, 815 F.2d 1373, 1379 (10th Cir.1987) ("[T]he test of whether disclosure of information will violate Rule 6(e) depends upon whether revelation in the particular context would in fact reveal what was before the grand jury." (internal quotation marks omitted)); *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) (holding that subpoenaed documents that "in no way indicated the pattern of the grand jury investigation or the deliberations of the grand jury" and were never seen by the grand jury were not "matters occurring before a grand jury").

For similar reasons, as a general matter, it would not violate Rule 6(e) to disclose non-public information and materials from the Department's investigations and prosecutions, so long as that information does not itself reveal the "inner workings" of the grand jury. *Washington Post*, 863 F.2d at 100. That is true "even if the same information is later presented to the grand jury." *Blalock*, 844 F.2d at 1551; *see also In re Grand Jury Matter*, 682 F.2d 61, 64 (3d Cir. 1982) ("The information developed by the FBI, although perhaps developed with an eye toward ultimate use in a grand jury proceeding, exists apart from and was developed independently of grand jury processes."). Aside from Rule 6(e), such information ordinarily is protected by executive privilege, but as indicated in the Department's prior letter, the Department authorizes Mr. Smith to provide testimony to the Committee irrespective of privilege, as an extraordinary accommodation to Congress in this particular matter.

As to your question about the Department's recent disclosure to Congress of certain internal communications considering whether to authorize toll records subpoenas, which Congress publicly released on November 25, 2025, you are correct that the Department does not believe that the specific materials it produced to Congress are covered by Rule 6(e), for the

reasons described above. Other information relating to those subpoenas, however, may still be protected by Rule 6(e), depending on whether it would "reveal something about the grand jury's identity, investigation, or deliberation," and subject to any exceptions that may apply. *Labow*, 831 F.3d at 529.

Additionally, the Department's position on whether agency counsel will be present during Mr. Smith's deposition on December 17, 2025, remains unchanged.

We hope this analysis will help facilitate Mr. Smith's cooperation in the House Judiciary Committee's deposition.

Sincerely,

PATRICK DAVIS

Digitally signed by PATRICK DAVIS
Date: 2025.12.11 08:43:36 -05'00'

Patrick D. Davis
Assistant Attorney General
Office of Legislative Affairs

cc: The Honorable Jim Jordan
Chairman
Committee on the Judiciary
U.S. House of Representatives

The Honorable Jamie Raskin
Ranking Member
Committee on the Judiciary
U.S. House of Representatives