# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2705(b) NONDISCLOSURE ORDER FOR GRAND JURY SUBPOENA**  | **SC No. 22-SC-1073** <br><br> <u>**Filed Under Seal**</u> |

*Reference:    USAO Ref. #* ███████ *; Subject Account(s):* ███████ *;* ███████ *;* ███████ *;* ███████ *;* ███████ *;* ███████ *;* ███████ *;*

## FIRST APPLICATION FOR
## NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b) AND TO SEAL FILINGS

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order under 18 U.S.C. § 2705(b) directed at AT&T Corporation ("PROVIDER"), an electronic communication and/or remote computing service provider located in North Palm Beach, FL. The proposed Order would direct PROVIDER not to disclose the existence of subpoena number ███████ issued by the United States on behalf of a federal Grand Jury empanelled in the United States District Court for the District of Columbia (the "Subpoena") for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. The United States further applies to the Court for an Order placing this application and all related filings under seal.

## JURISDICTION

1.    This Court has jurisdiction to issue the requested order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, D.C. See 18 U.S.C. § 3237. Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

## FACTUAL BACKGROUND

2. The United States is investigating possible violations of 18 U.S.C. §§ 1512, 1505, 1519, 371 and 2, among other possible offenses. Specifically, this investigation concerns activity and conduct surrounding January 6, 2021, in Washington, D.C., including the certification of the vote of the Electoral College of the 2020 Presidential Election. The Subpoena seeks basic subscriber information, toll information, and/or other information for PROVIDER account(s) linked to individuals and/or accounts relevant to this investigation.

## LEGAL BACKGROUND

3. PROVIDER provides an "electronic communications service," as defined in 18 U.S.C. § 2510(15), and/or "remote computing service," as defined in 18 U.S.C. § 2711(2). The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712, governs how PROVIDER may be compelled to supply communications and other records using a subpoena, court order, or search warrant. Specifically, Section 2703(c)(2) authorizes the Government to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the Government to obtain other "non-content" information using a court order, and Section 2703(a)-(b)(1)(A) allows the Government to obtain contents of communications using a search warrant. *See* 18 U.S.C. § 2703.

4. The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703. However, many have voluntarily adopted policies of notifying subscribers about such legal requests. Accordingly, when necessary, Section 2705(b) of the SCA enables the Government to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:[1]

---

[1] Section 2705(b) contains additional requirements for legal process obtained pursuant to 18 U.S.C. § 2703(b)(1)(B), but the Government does not seek to use the proposed Order for any legal process under that provision.

(b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order.  The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—

 (1) endangering the life or physical safety of an individual;

 (2) flight from prosecution;

 (3) destruction of or tampering with evidence;

 (4) intimidation of potential witnesses; or

 (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b).  The United States District Court for the District of Columbia has made clear that a nondisclosure order under Section 2705(b) must be issued once the Government makes the requisite showing about potential consequences of notification:

> The explicit terms of section 2705(b) make clear that if a courts [*sic*] finds that there is reason to believe that notifying the customer or subscriber of the court order or subpoena may lead to one of the deleterious outcomes listed under § 2705(b), the court must enter an order commanding a service provider to delay notice to a customer for a period of time that the court determines is appropriate. Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.

*In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

 5. Accordingly, this application sets forth facts showing reasonable grounds to command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Subpoena for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

**REQUEST FOR NON-DISCLOSURE**

6.      The Subpoena seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible.  Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, and otherwise take steps to undermine the investigation and avoid future prosecution.  In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity.

7.      Given the complex nature of the criminal activity under investigation, the Government anticipates that this confidential investigation will continue for the next year or longer.

8.      Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Subpoena would result in destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation.  *See* 18 U.S.C. § 2705(b)(3)-(5). Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Subpoena for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.  Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the government will make best efforts to notify the Court promptly and seek appropriate relief.

**REQUEST FOR SEALING**

9.  Pursuant to Federal Rule of Criminal Procedure 6(e)(6), the United States requests that this application and the corresponding Order be sealed by the Court until such time as the Court directs otherwise.  These documents relate to an ongoing federal Grand Jury investigation that is neither public nor known to the target(s) of the investigation.  The Court has the inherent power to seal court filings when appropriate.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the application and order to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Warrant.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

ACCORDINGLY, it is respectfully requested that the Court grant the attached Order directing that PROVIDER shall not notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Subpoena for one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the

Court, and further directing that the application and this Order are sealed until otherwise ordered

by the Court.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: /s/ *Thomas P. Windom*
Thomas P. Windom
Assistant United States Attorney
D.C. Bar Number 502131
detailed to U.S. Attorney's Office
for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
Office: 202-252-1900
thomas.windom@usdoj.gov