**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE GRAND JURY INVESTIGATIONS** | **Civil Action No. 25-mc-174 (JEB)** |

# JOINT STATUS REPORT

Pursuant to the Court's August 14, 2026, Minute Order, the parties in this action jointly and respectfully submit this status report. As noted below, in light of the documents produced by the government, Plaintiff Charlie Savage consents to the voluntary dismissal of the petition. The government concurs. The parties are concurrently filing a stipulation of dismissal.

## Background

To recap, Mr. Savage, a reporter at *The New York Times*, filed a *pro se* motion to unseal records related to the grand jury investigation into President Donald Trump's efforts to overturn the 2020 election. Mr. Savage contended that those documents—records ancillary to subpoenas for the phone records of officials, including members of Congress, in the days surrounding the January 6, 2021, attack on the U.S. Capitol—concern a topic that has been widely discussed by Congress, the media, and others. The government opposed their release, claiming that to the extent such documents exist, they are protected by Federal Rule of Criminal Procedure 6(e), a rule barring the disclosure of certain grand jury materials.

When the matter went to briefing, The New York Times Company's Legal Department joined the action as co-counsel to Mr. Savage.

Mr. Savage argued that much of the information being withheld had become public, including by officials in the administration, and therefore the maintenance of grand jury secrecy was no longer warranted. The government contended, among other things, that there had not been official acknowledgement that would justify the release of grand jury materials.

The Court heard oral argument on the petition on May 21, 2026. At the conclusion of the hearing, the Court ordered the government to submit the universe of responsive documents to the Court for *in camera* review. The Court then convened an *ex parte* sealed conference with the government on July 8, 2026.

Following that conference, the Court directed the government to release a "sample set of the following documents relating to one grand-jury subpoena for phone-related records of a government official: the application for nondisclosure order, the proposed order, and the signed nondisclosure order," subject to certain redactions.

That release was made on July 17, 2026.

**Update**

Mr. Savage has concluded that he will not pursue further release of documents. He respectfully requests that the Court, if it is so inclined, issue an opinion about its determination in respect to Rule 6(e) since similar issues are likely to arise with other high-profile grand jury investigations that spawn related proceedings before the courts. But, in any event, he consents to the voluntary dismissal of the petition and thanks the Court for its consideration.

The government consents to voluntary dismissal of this case. The government opposes Mr. Savage's request that the Court issue an opinion. The government's position is that such an opinion would be an advisory opinion beyond the jurisdiction of the federal courts. *See*, *e.g.*, *Public Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127-28 (D.C. Cir. 2024).

Dated: August 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for United States*

THE NEW YORK TIMES COMPANY

By: */s/ David McCraw*

DAVID MCCRAW
The New York Times Company Legal Dept.
620 8th Avenue
New York, NY 10018
(212) 556-4031

*Counsel for Petitioner Charlie Savage*